IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLISON F. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:17-cv-5 |
| | ) |
| MARION COUNTY HOUSING, | ) |
| AUTHORITY, GEORGIA MILLER, | ) |
| BRENDA LINGAFELTER, RICHARD | ) |
| GREGG, GERTIE WALKER, | ) |
| NANCY LACKEY, GARY PURCELL, | ) |
| and PATRICK STEDELIN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Allison Austin, by and through her attorneys, HEPLERBROOM, LLC, brings this action against the Defendants, Marion County Housing Authority, Georgia Miller, Brenda Lingafelter, Richard Gregg, Gertie Walker, Nancy Lackey, Gary Purcell, and Patrick Stedelin to address her civil and legal rights alleging follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff, Allison Austin, seeks relief for the Defendants' willful and egregious violation of her rights secured by the Civil Rights Act 1871, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and the laws of the State of Illinois, when she was terminated from her employment and defamed without cause and without being afforded due process of law. Plaintiff seeks compensatory damages, award of costs, interest and attorneys' fees, and such other and further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within their original jurisdiction of this Court that they form part of the same case or controversy.

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant, Marion County Housing Authority, is administratively located within the Southern District of Illinois and the events giving rise to this claim occurred within the boundaries of the Southern District of Illinois.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of the Plaintiff's claims as pleaded herein.

## PARTIES

6. At all-time relevant to this action, Plaintiff Allison Austin was a resident of Centralia, County of Marion, Illinois.

7. Defendant, Marion County Housing Authority ("Authority") is and was at all times a municipal corporation created and authorized under the laws of the State of Illinois.

8. Defendants, Georgia Miller, Brenda Lingafelter, Richard Gregg, Gertie Walker, Nancy Lackey, Gary Purcell, and Patrick Stedelin (collectively referred to as "Commissioners")

are duly appointed Commissioners of the Authority, with Georgia Miller serving as Chairperson. All reside within Marion County, Illinois.

9. Defendants at all times herein acted under color of law. The Commissioners, and each of them, are sued in their individual capacity.

## STATEMENT OF FACTS

10. On or before January 5, 2015, Plaintiff and Defendant Authority executed a contract entitled "Agreement with Executive Director," confirming and memorializing Plaintiff's position as Executive Director of the Authority from January 5, 2015, to continue for a term of three years. The Authority agreed to hire, appoint and employ Plaintiff and Plaintiff agreed to serve as the Executive Director of the Authority upon the terms and conditions set forth in the agreement with the Executive Director. The Authority has a copy of the fully executed agreement. Plaintiff has an unsigned copy of the agreement, which is attached as Exhibit 1.

11. At all times relevant to this complaint, Plaintiff executed the duties of the Executive Director of the Authority in a professional and competent manner and met or exceeded all reasonable and legitimate expectations of her employment.

12. Defendant Commissioners were aware of the agreement and were fully aware that Plaintiff performed her duties professionally and competently and that Plaintiff met or exceeded all reasonable legitimate expectations of her employment.

13. On or about December 14, 2016, Defendant Authority and Defendant Commissioners, without providing Plaintiff with any notice of their intent to terminate Plaintiff's employment contract, any allegations of misconduct, or providing Plaintiff with a meaningful opportunity to be heard on the unknown allegations of misconduct, if any, informed Plaintiff that she was being terminated "for cause."

14. Plaintiff did not act in any manner which in any way could be construed as "grave misconduct" as provided in Paragraph 10 of the agreement, and Defendants had no basis to terminate the agreement "for cause."

15. Plaintiff has made repeated requests for an explanation of the basis for the "for cause" determination, but the Authority has failed and/or refused to provide such basis.

16. The Defendant Commissioners were aware, or with reasonable diligence should have been aware, that there is/was no basis to terminate Plaintiff for cause, and despite this knowledge, approved the termination of Plaintiff as Executive Director without notifying Plaintiff of allegations of misconduct and affording her meaningful opportunity to address the allegations.

## COUNT I
## DEPRIVATION OF THE PROPERTY
## INTEREST WITHOUT DUE PROCESS OF LAW

17. Plaintiff reasserts and realleges Paragraphs 1-16, as and for its Paragraph 17 of Count I, as if fully set forth herein.

18. By virtue of the employment agreement, Plaintiff had a protectable property interest in employment with the Authority that could not be deprived without being afforded due process of law under the Fourteenth Amendment to the United States Constitution.

19. The Authority and the Commissioners violated Plaintiff's constitutional right to due process of law when they failed to provide a notice of the allegations of misconduct, a meaningful opportunity to be heard on the allegations and a fair hearing on the purported allegations.

20. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States and laws enacted under

the Constitution. Plaintiff has been deprived of her property interest in employment without the minimal protections of due process guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

21. The conduct of Defendants, and each of them, was arbitrary and capricious, without notice or warning, taken in secret, and intended to deprive Plaintiff of her rights and intended to destroy Plaintiff's career.

22. As a proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has lost her position as Executive Director, lost wages (including her earned bonus for 2016) and benefits, will lose income in the future, and will suffer economically until such time as Plaintiff secures a position elsewhere with comparable pay and benefits. Plaintiff's injuries also include emotional and mental distress.

23. The above actions of the Defendants, and each of them, in depriving Plaintiff of her constitutionally protected rights were done with evil motive and intent, or with reckless or callous indifference to Plaintiff's rights.

WHEREFORE, Plaintiff, Allison Austin, prays this Court enter judgement in her favor and against all Defendants, and each of them, as follows:

A. Special damages in an amount according to proof at trial;

B. General damages in an amount according to proof at trial;

C. Punitive or exemplary damages as to each Defendant Commissioner in an amount the Court deems proper;

D. Cost of suit;

E. Attorneys' Fees;

F.      Pre-judgment and post-judgement interest; and

G.      Such other and further relief as the Court deems proper.

## COUNT II
## DEPRIVATION OF PLAINTIFF'S LIBERTY
## INTEREST WITHOUT DUE PROCESS OF LAW

23.      Plaintiff reasserts and realleges Paragraphs 1-16, as and for its Paragraph 23 of Count II, as if fully set forth herein.

24.      Subsequent to Defendants' unconstitutional termination of Plaintiff's employment contract, Defendants widely disseminated to the public through media and others that Plaintiff had been fired from the Authority "for cause."

25.      The statement that Plaintiff had been fired from the Authority "for cause" was false and defamed Plaintiff.

26.      The conduct of the Defendants have compromised and damaged Plaintiff's good name, reputation, honor and integrity.  Nothing will ever completely restore to Plaintiff the good name and reputation Plaintiff enjoyed before Defendants' wrongful conduct occurred.

27.      The Authority's action in announcing to the world that it had fired Plaintiff "for cause" without affording Plaintiff notice of any purported allegations of misconduct, if any, and a meaningful opportunity to be heard on the purported allegations, if any, and a fair hearing to clear her name, the Defendants deprived Plaintiff of a predictable liberty interest in violation of the Fourteenth Amendment of the United States Constitution.

28.      By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States and laws enacted under the Constitution.  Plaintiff has been deprived of her liberty interest in employment without the

minimal protections of due process guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

29. The conduct of Defendants, and each of them, was arbitrary and capricious, without notice or warning, taken in secret, and intended to deprive Plaintiff of rights and intended to destroy Plaintiff's career.

30. The above actions of the Defendants, and each of them, in depriving Plaintiff of her constitutionally protected rights were done with evil motive and intent, or with reckless or callous indifference to Plaintiff's rights.

31. As a proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that her good name and reputation have been damaged, she has lost her position as Executive Director, lost wages (including her earned bonus for 2016) and benefits, will lose income in the future, and will suffer economically until such time, if ever, as Plaintiff secures a position elsewhere with comparable pay and benefits. Plaintiff's injuries also include emotional and mental distress.

WHEREFORE, Plaintiff, Allison Austin, prays this Court enter judgement in her favor and against all Defendants, and each of them, as follows:

A. Special damages in an amount according to proof at trial;

B. General damages in an amount according to proof at trial;

C. Punitive or exemplary damages as to each Defendant Commissioner in an amount the Court deems proper;

D. Cost of suit;

E. Attorneys' Fees;

F.     Pre-judgment and post-judgement interest; and

G.     Such other and further relief as the Court deems proper.

## COUNT III
## BREACH OF CONTRACT

32.     Plaintiff reasserts and realleges Paragraphs 1-16, as and for its Paragraph 32 of Count III, as if fully set forth herein.

33.     Paragraph 6 of the agreement provides that Defendants could terminate the Plaintiff either "for cause" as set forth in Paragraph 4, or "for convenience upon 60 days notice" to Plaintiff.

34.     "For cause" is defined in Paragraph 4 of the agreement as "grave misconduct."

35.     Defendants did not provide Plaintiff with 60 days notice of termination for convenience.

36.     Defendants terminated Plaintiff without articulating a basis for cause and Plaintiff did not engage in any conduct that could be consider "grave misconduct."

37.     By terminating Plaintiff without cause and not for convenience, Defendants breached the contract.

38.     As a proximate result of Defendants' breach of contract, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Allison Austin, prays this Court enters judgment in her favor and against all Defendants, and each of them, and damages for breach of contract, pre-judgment and post-judgment interest and such other and further relief as this Court deems just and proper.

## COUNT IV
## DEFAMATION

39. Plaintiff reasserts and realleges Paragraphs 1-16 and 24-26, as and for its Paragraph 38 of Count IV, as if fully set forth herein.

40. Defendants statement that it terminated Plaintiff "for cause" is defamatory *per se*.

41 The conduct of Defendants, and each of them, was arbitrary and capricious, without notice or warning, taken in secret, intended to damage Plaintiff's good name and reputation, and intended to destroy Plaintiff's career.

42. The above actions of the Defendants, and each of them, in damaging Plaintiff's good name and reputation were done with evil motive and intent, or with reckless or callous indifference to Plaintiff's good name and reputation.

43. As a proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that her good name and reputation have been damaged, she has lost her position as Executive Director, lost wages (including her earned bonus for 2016) and benefit, will lose income in the future, and will suffer economically until such time, if ever, as Plaintiff secures a position elsewhere with comparable pay and benefits. Plaintiff's injuries also include emotional and mental distress.

WHEREFORE, Plaintiff, Allison Austin, prays this Court enter judgement in her favor and against all Defendants, and each of them, as follows:

A. Special damages in an amount according to proof at trial;

B. General damages in an amount according to proof at trial;

C. Punitive or exemplary damages as to each Defendant Commissioner in an amount the Court deems proper;

D. Cost of suit;

  E.  Pre-judgment and post-judgement interest; and

  F.  Such other and further relief as the Court deems proper.

                 Respectively submitted,

                 Allison Austin, Plaintiff,


Date: January 5, 2017       By: */s/ Lance T. Jones*
                   One of her Attorneys


Lance T. Jones, #6188153 – Lead Counsel
HEPLERBROOM, LLC
4340 Acer Grove Drive, Suite A
Springfield, IL 62711
Telephone: (217) 528-3674
Fax: (217) 528-3964
Email: Lance.Jones@heplerbroom.com